# Williams *against* Freeman.

The Act of Limitations is not a bar to an action against an administrator founded upon a *devastavit.*

ERROR to the Common Pleas of *Wayne* county.

This was an action of debt by Gersham Williams against Calvely Freeman, who was the administrator of Baxter Bicknell deceased, charging him with a *devastavit* to the amount of a judgment which the plaintiff had previously obtained against the defendant as administrator, for a specialty debt owing by the intestate. A judgment *de bonis* was confessed by the defendant on the 27th April 1830, and afterwards revived by an amicable judgment *de bonis* on the 24th August 1831, upon which a *fieri facias* issued to January term 1831, which was stayed by the plaintiff's attorney. On the 30th April 1832, an *alias fieri facias* was issued and levied on a tract of land, which was subsequently condemned and sold on a *venditioni exponas* for $100. On the 1st January 1833, a *fieri facias* was issued for the residue, upon which there was a return of *nulla bona.* On the 15th July 1841, this suit was brought. It appeared on the trial that the assets which had come to the hands of the defendant had been applied to the payment of simple contract debts; but it also clearly appeared

that this *devastavit* complained of had been committed by the de-fendant more than six years before the institution of this suit. Whereupon the court below instructed the jury that the Act of Limitations of 1713 was a bar to the plaintiff's recovery, and directed a verdict for the defendants.

*Kidder* and *Greenough*, for plaintiff in error.   This case does not fall within the operation of the Statute of Limitations of the 27th March 1713.   The action is given by statute, and in this instance it is used to recover a debt founded upon a judgment, which is clearly not within the words or meaning of the Statute. *Wilkinson on the Act of Lim.* 15; 1 *Law Lib.* 8.   Our limitation is copied from the English statute, and, under it, it has been de-cided that the Act does not apply to a special action of debt for money levied by a *fieri facias,* nor on an award, nor for an escape, or any case of trust. 4 *Watts* 177; 12 *Serg. & Rawle* 59; 6 *Watts* 379; 4 *Serg. & Rawle* 389; *Ballentine Lim.* 88; 2 *Mod.* 212; 2 *Show.* 79; 1 *Mod.* 245; 2 *Saund.* 37; 1 *Saund.* 67.

*Cooper,* for defendant in error, argued that the plaintiff put his cause in the court below upon a matter of fact, that the action did accrue within six years, and he cannot now avail himself of the legal question as to the effect of the Act of Limitation; he should have demurred to the defendant's plea.   6 *Watts* 275; 2 *Day* 559.   But here the foundation of the plaintiff's action is the alleged wasting of the assets, which is a simple contract liability. 1 *Saund.* 219 e, *note* 8; 3 *East* 5; 13 *Serg. & Rawle* 294.   The fiduciary character of the defendant does not continue always, and we say it ceased upon the settlement of his account. 2 *Rawle* 287; 5 *Johns. Chan.* 522; 7 *Johns.* 90.

The opinion of the Court was delivered by

KENNEDY, J.—The only question presented for consideration is, was the court right in holding the Act of Limitations to be a bar to the plaintiff's claim in this action?   In order to determine this it is necessary to refer to the Act, and see whether its terms can be made fairly to embrace this case.   The words of the Act are, "All actions of debt grounded upon any lending or contract with-out specialty, all actions of debt for arrearages of rent, except the proprietaries' quit-rents," shall be commenced and sued within six years next after the cause of such actions or suits, and not after. Now, it is difficult to conceive how this action can be grounded upon any lending or contract; and as to its being brought for arrearages of rent, that is wholly out of the question.   It would rather appear to be founded upon the judgment obtained against the defendant, which he ought to have paid with the assets in his hands belonging to the estate of the deceased debtor, instead of wasting and misapplying them, than upon a lending or contract

[Williams v. Freeman.]

of any sort. Our Act in this respect is copied from the 3d section of the Statute of 21 James I. c. 16; in regard to which it has been held that it does not extend to an action of debt brought against a sheriff for money levied by him on a *fieri facias; Cockram* v. *Welby*, (2 *Show.* 79, *s. c.*); 2 *Mod.* 212; nor to debt against a sheriff for an escape on a *capias ad satisfaciendum; Jones* v. *Pope*, (1 *Saund.* 37, 38); nor to debt for a copyhold fine, because, as Justice TWISDEN said, it was not founded upon a contract or lending. *Hodgson* v. *Harris*, (1 *Levinz* 271). It has also been held that it does not extend to an action of debt brought upon the 2d and 3d Edward VI. for not setting out tithes. *Talory* v. *Jackson*, (*Cro. Car.* 513); *Warren* v. *Consett*, (2 *Ld. Raym.* 1502). I am not aware of any case in which the statute has been set up, by an executor or administrator, as a defence in an action of debt against him for a *devastavit*. Many such actions have been brought and recoveries had therein, where no doubt in some of them the statute would have been a bar, had it been considered that it extended to or embraced such actions. For this reason, I take it, that no instance of the kind has been mentioned or referred to by the counsel. That such action would lie against an executor or administrator, was first settled in *Cory* v. *Thinne*, in 1655; see *Wheatley* v. *Lane*, (1 *Saund.* 219); 1 *Lev.* 147; 2 *Sid.* 102; and no doubt many cases of a similar kind occurred afterwards, before the passage of our Act of Assembly, which was in 1713; some of which, it may well be presumed, must have been known to our Legislature at that time; from which the necessary inference would seem to be that they did not intend to include such action, or they would have employed language more clearly expressive of it. But the judgment against the executor or administrator has been considered the foundation of such action, instead of a lending or contract, and therefore evidently not within the terms of the Act. See *Wheatley* v. *Lane*, (1 *Saund.* 216. 219, *a* and *b*, *in note*).

Judgment reversed, and *venire facias de novo* awarded.